IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY McCORMICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-477-RAW |
| | ) |
| DAN TALBOT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion to dismiss of defendant. Plaintiff brings a claim pursuant to 42 U.S.C. §1983 for retaliation in violation of his First Amendment rights. He alleges the violation was carried out by means of a conspiracy between defendant (a McAlester, Oklahoma police officer) and "Lyles [McAlester police chief], the City and Miller [Assistant District Attorney]." (Complaint, ¶20). Plaintiff alleges that the "improper police actions" against him began after he complained about a ticket that defendant issued to plaintiff's wife and after he complained regarding defendant's "disrespectful treatment of [plaintiff's] family."

Under Rule 12(b)(6) F.R.Cv.P., the court assumes the truth of plaintiff's well-pleaded factual allegations and views them in the light most favorable to him. *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007). To withstand a motion to dismiss, there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir.2011). This approach means comparing the pleading with the elements of the cause of action. *Burnett v. Mortgage Elec. Registration Sys., Inc.,* 706 F.3d 1231, 1236 (10th Cir.2013). While plaintiff is not required to set forth a prima facie case for each element, he is required to set forth plausible claims animating the elements of his cause of action. *Id.*

"To state a claim for relief under §1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Buchanan v. Oklahoma,* 398 Fed.Appx. 339 (10th Cir.2010) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). More specifically, to establish the alleged constitutional violation, plaintiff must demonstrate (1) that he was engaged in a constitutionally protected activity; (2) that the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's action was substantially motivated as a response to his exercise of his First Amendment speech rights. *Becker v. Kroll,* 494 F.3d 904, 925 (10th Cir.2007).

Still more specifically, allegations of conspiracy may form the basis of a §1983 claim. *Kennedy v. Smith,* 259 Fed.Appx. 150, 154 (10th Cir.2007). A plaintiff, however, must allege specific facts showing an agreement and concerted actions amongst the defendants, and conclusory allegations of conspiracy are insufficient to state a valid §1983 claim. *Id.* Also, a deprivation of a constitutional right is essential to proceed under a §1983 conspiracy claim. Thus, to prevail on such a claim, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights. *Id.* In the context of a §1983 action against multiple individual governmental actors, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir.2008).

Yet further, defendant has also asserted the doctrine of qualified immunity in his motion. In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Keith v. Koerner,* 707 F.3d 1185, 1188 (10th Cir.2013). Addressing the second issue first, the court finds that the constitutional right to be free from retaliation for the exercise of First Amendment rights is clearly established. *See Allen v. Avance,* 491 Fed.Appx. 1, *6 (10th Cir.2012).

The court now addresses the first prong of the qualified immunity inquiry in conjunction with the general Rule 12(b)(6) standard.  The court concludes plaintiff's complaint should be dismissed.  First, plaintiff may only state a claim under §1983 to the extent defendant was acting under color of state law.  The complaint, however, says during pertinent allegations that defendant acted "both as a civilian and implicating his police powers"  (Complaint, ¶10), "both personally and as a law enforcement officer (¶11) and he "may have each been acting as a private citizen, while at other times described herein, he may have acting in his law enforcement capacities." (¶24).  While a defendant's conduct as a private citizen, might give rise to some other claim under federal or state law, it does not give rise to a §1983 claim.  The complaint is fatally vague on this point.

Next, while alleging a conspiracy, plaintiff has not alleged specific facts showing an agreement and concerted actions among defendant and others.  Allegations are made as to conduct by the police chief and an assistant district attorney, but there is no indication that such conduct was in concert with defendant (as opposed to merely parallel) and no factual allegation that this conduct was motivated by First Amendment retaliation.

As to allegations against defendant himself, incidents are related which (taken as true) demonstrate unpleasant conduct by defendant toward plaintiff and his family.  Again, however, there is no indication other than surmise that this conduct was motivated by plaintiff's protected conduct under the First Amendment.  It is just as likely that some sort of personal animus was the motivation.  For example, one section of the complaint (¶11)

4

relates that defendant was angry because he believed defendant's wife had taken pictures of defendant's daughter at a dance. This may seem an odd thing about which to become angry, but it has no evident bearing upon retaliation for protected speech, as alleged in the complaint.

In the Rule 12(b)(6) context, plausibility refers to the scope of the allegations in the complaint; if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff has not nudged his claims across the line from conceivable to plausible. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008). By terming the alleged conduct "innocent," this court is in no way expressing its approval. Rather, the court simply finds that the conduct alleged fails to state a claim under 42 U.S.C. §1983 and the doctrine of qualified immunity.

It is the order of the court that the motion to dismiss (#9) is hereby granted.

**ORDERED THIS 29th DAY OF MAY, 2013.**


**Dated this 29th day of May, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma